Entered on Docket
March 24, 2016
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: March 23, 2016



_____
DENNIS MONTALI
U.S. Bankruptcy Judge

Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415.263.7000
Facsimile: 415.263.7010
Email: jpomerantz@pszjlaw.com
  dgrassgreen@pszjlaw.com
  jlucas@pszjlaw.com
  mpagay@pszjlaw.com

Proposed Attorneys for the Debtors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>BLUE EARTH, INC., et al.,[1]<br><br>Debtors. | Case No.: 16-30296-DM<br><br>Chapter 11<br><br>Jointly Administered<br><br>**ORDER AUTHORIZING DEBTORS TO (A) MAINTAIN EXISTING BANK ACCOUNTS AND (B) CONTINUE USE OF CASH MANAGEMENT SYSTEM** |

The *Motion for Order Authorizing Debtors to (A) Maintain Existing Bank Accounts and (B) Continue Use of Cash Management System* [Docket No. 5] (the "**Motion**"), submitted by the above-captioned debtors-in-possession (the "**Debtors**"),[2] was heard on shortened notice by this Court; and the Court, having (a) reviewed the pleadings filed in support of the Motion, (b) heard the argument and representations of counsel, (c) determined that the relief requested is necessary to avoid immediate and irreparable harm to the Debtors' estates, (d) determined that notice of the hearing was

---

[1] The last four digits of each of the Debtors' tax identification numbers are Blue Earth, Inc. (1496) and Blue Earth Tech, Inc. (0269). The location of the Debtors' headquarters and service address is 235 Pine Street, Suite 1100, San Francisco, California 94104.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

adequate under the circumstances, and (e) determined that good cause exists to the grant the relief requested;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Debtors are authorized, but not directed, to continue to utilize the Cash Management System in the ordinary course of their business.

3. Any payment made, or authorization contained, in this Order will be subject to the requirements and restrictions contained in any order approving debtor-in-possession financing and any related financing documents.

4. The Debtors are authorized, but not directed, to maintain the Bank Accounts; provided, however, that (a) any such depositories authorized by the U.S. Trustee under the Guidelines designate such account as "DIP Accounts;" and (b) any new accounts opened by the Debtors be designated "DIP Accounts."

5. The Debtors are authorized, but not directed, to continue using their existing business forms and checks as requested in the Motion.

6. Wells Fargo Bank is authorized to: (a) continue to service and administer the Bank Accounts in the manner maintained prior to the Petition Date without interruption and in the usual and ordinary course; (b) continue to deduct, without further order from this Court, from the appropriate Bank Accounts the bank's customary fees and expenses associated with the nature of the deposit or cash management or custodial services rendered to the Debtors; and (c) receive, process, honor, and pay any and all checks, drafts, or wires issued or initiated by the Debtors, and drawn on the Bank Accounts by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date may be honored by the bank only if the underlying payment is authorized by separate order of this Court.

7. No checks or drafts issued on the Bank Accounts before the Petition Date (the "**Prepetition Claim Checks**"), but presented for payment after the Petition Date, shall be honored or paid and the Debtors shall provide Wells Fargo Bank with a list of outstanding Prepetition Claim

2

DOCS_SF:90170.1 09999/002
Case: 16-30296    Doc# 27    Filed: 03/23/16    Entered: 03/24/16 09:44:40    Page 2 of 3

Checks identifying the Prepetition Claim Checks within three (3) business days after the entry of this Order so that it is clear which checks may or may not be paid.

8. To the extent applicable, Bankruptcy Rule 6003(b) is satisfied because the relief described in this Order is necessary to avoid immediate and irreparable harm to the estates.

9. The stays imposed pursuant to Bankruptcy Rules 4001(a)(3) and 6004(h) are waived.

10. This Order is effective immediately.

**\*\*\*END OF ORDER\*\*\***