**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
KATALINA BAUMANN (SBN 278606)
Email: katalina.baumann@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:     (213) 688-9500
Facsimile:     (213) 627-6342

Attorneys for Creditor
TCA Global Credit Master Fund, LP

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: | Case No. 16-30296-DM |
| BLUE EARTH, INC., et al., | Chapter 11 |
| Debtors, | (Jointly Administered) |
| | **MOTION TO DEEM LATE FILED CLAIMS TIMELY** |
| | <u>Hearing Information</u><br>Date:      June  10, 2016[1]<br>Time:      11:30 a.m.<br>Judge:     Dennis Montali<br>Ctrm:      17, 16th Floor<br>           UNITED STATES BANKRUPTCY COURT<br>           450 Golden Gate Avenue,<br>           San Francisco, California 94102 |

TCA Global Credit Master Fund, LP (**TCA** or **movant**), by and through its undersigned counsel, hereby files this motion for entry of an order deeming claim no. 29-1 (case no. 16-30296) and claim no. 5-1 (case no. 16-30297) (the **movant's claims**) as timely filed.  In support of the motion, movant states as follows:

---

[1] A Motion to Shorten Notice, in accordance with local rule 9006-1 and this Court's practices and procedures, is being filed for consideration in conjunction with this Motion.

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# I.  Background

On March 21, 2016, Blue Earth, Inc. and Blue Earth Tech, Inc. (collectively, the **debtors**) each filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. Since that time, the debtors have operated as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

Pursuant to a pre-petition Credit Agreement, and as reflected in the debtors' schedules and first day filings, as of the petition date the amount owed to movant by the debtors is $916,239.01.[2]

According to the Court's order dated March 30, 2016 (ECF No. 46) (the **order shortening bar date**), the proof of claim deadline was radically shortened from one-hundred and twenty (120) days from the petition date, or July 25, 2016 (the **original claims bar deadline**)[3], to fifty-three (53) days from the entry of the order shortening bar date or May 23, 2016 (the **shortened claims bar deadline**).

Undersigned counsel filed its notice of appearance on May 27, 2016 (ECF No. 148), and movant's claims were filed with the Court's claim register and mailed to the debtors' servicing agent on May 27, 2016.

# II.  Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

# III.  Relief Requested

Through this motion, the movant requests entry of an order deeming the movant's claims as timely filed.

Undersigned counsel has contacted counsel for the debtors and counsel for the Official Committee of Unsecured Creditors, and as of the filing of this motion, neither party has yet to

---

[2] Pursuant to the pre-petition February 24, 2015 Second Amendment to the Credit Agreement, movant loaned the debtors $3,000,000, secured by that certain collateral as more fully detailed in the Credit Agreement.  A true and correct copy of the Credit Agreement is attached as **Exhibit A** to movant's claims.

[3] Local Rule 3003-1 expressly provides that, unless otherwise ordered by the Court, a proof of claim shall be filed in a chapter 11 case within 90 days after the first date set for the meeting of creditors.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

indicate their consent to or opposition of the relief requested herein. In the event the debtors and Committee consent to the relief requested in the motion, undersigned counsel will upload a stipulation and order for the Court's consideration.

**IV.**    **Support for Relief Requested**

Under *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 113 S.Ct. 1489 (1993), the court must consider prejudice to the debtor, length of the delay, and reason for the delay in determining whether the claimant's neglect was excusable. In reaching its decision, the court reviewed the meaning of excusable neglect in the context of analogous rules that allow for late filings. It stated that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394, 113 S.Ct. at 1497. The court concluded that whether a party's neglect of a deadline may be excused is an equitable decision turning on "all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. at 1498 (citations and footnotes omitted).

Adopting the Ninth Circuit's approach in *Dix v. Johnson*, 95 B.R. 134 (9th Cir. BAP 1988), the *Pioneer* court listed several factors to be considered, including (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the late party; and (5) whether the late party acted in good faith. *Id.* In the Ninth Circuit excusable neglect is "remedial in nature and . . . *must be liberally applied.*" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (emphasis added).

Reviewing these five factors, it is respectfully submitted that movant's claims should be deemed timely filed. **First**, there is no danger of prejudice to the debtors. The debtors, and all other interested parties, were fully aware of movant's claims prior to the petition date, as evidenced by a multitude of filings, including (i) the debtors' schedules[4], which identified the movant's claims in a substantially similar, and indeed higher amount, as **_undisputed_**; (ii) the debtors' DIP financing

---

[4] *See* ECF No. 1 in Case No. 16-30296 and ECF No. 1 in Case No. 16-30297.

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

motion[5] which specifically admitted movant's claims (including movant's liens and the collateral encumbered by such liens) in the "Summary of Other Prepetition Secured Debt" found on page 16 of the DIP financing motion; and (iii) the express exclusion of the collateral securing movant's claims from any super priority liens awarded to the DIP lender or other relief awarded to debtor and DIP lenders pursuant to the DIP financing motion.[6]

Moreover, the debtors' disclosure statement (ECF No. 131) has not yet been approved, and it itself: (i) expressly provides that "[a]s of the Petition Date, TCA asserted a Claim in the amount of $916,378.91", pg. 28; (ii) details a default under movant's applicable loan documents as one of the "Events Leading to Chapter 11 Filing", pg. 29; (iii) identifies movant's lien on the Sumter facility in the "Post-Confirmation Budget" and accounts for debt and cash flow associated with movant's debt in financial projections, Exhibit "2"; and (iv) affords movant treatment in the Liquidation Analysis, Exhibit "3".

**Second**, the delay in the filing of movant's claims is minimal as movant's claims were filed within four (4) days of the shortened claims bar deadline and nearly two months prior to the expiration of the original claims bar date. In the words of the debtors themselves, the sole impetus for radically shortening the claims bar deadline was "to ascertain the universe of claims against the Debtors' estates **before** they solicit acceptances for their proposed plan." (emphasis added). Here, the inconsequential delay will have no impact upon the debtors' stated goal in seeking to shorten the claims bar date because *inter alia*: (i) the disclosure statement has yet to be approved by this Court, (ii) a hearing to consider confirmation of the debtors' joint plan of reorganization has not yet been scheduled, and (iii) the debtors are prohibited from soliciting acceptances of their proposed plan at

---

[5] The "DIP financing motion" shall mean the debtors' motion for interim and final orders (i) authorizing the debtors to (a) obtain postpetition senior secured superpriority financing pursuant to 11 U.S.C. §§ 361, 362, 363(c), 363(e), 364(c), 364(d)(1), 364(e) and 507 and (b) utilize cash collateral, (ii) granting priming liens, priority liens and superpriority claims to the DIP lender, (iii) granting adequate protection to certain prepetition secured parties, (iv) scheduling a final hearing pursuant to Bankruptcy Rules 4001(b) and (c) and (v) granting related relief (ECF No. 11)

[6] Even if movant's claims were to be disallowed as untimely, movant's lien would survive against the debtors' collateral. *See In re Shelton*, 735 F.3d 747, (8th Cir. 2013) (Holding that a secured creditor's lien was not void due solely to the fact that the secured creditor filed an untimely proof of claim). Thus, providing for specific plan treatment on account of movant's claims in all probability will assist (rather than prejudice) the debtors' reorganization efforts.

this juncture.  Furthermore, as previously stated, both the debtors and DIP lenders were on actual notice of the movant's claims.

**Third**, the delay in filing the movant's claims was caused by movant's reliance upon the original claims bar deadline that movant relied upon when the debtors commenced the instant cases and continued to be reflected as the claims bar deadline in the docket for Case No. 16-30297 on the date movant filed its claims and is still reflected as the correct claims bar deadline as of the date of this motion in Case No. 16-30297.

**Fourth**, movant asserts that the short delay in filing the claims were beyond its control because the short delay arose from both the confusion as to whether movant was required to file a claim and the deadline by which movant was required to file its claims caused by, *inter alia*: (i) voluminous first day filings served upon movant that obscured the debtors request for a radically shortened bar date, (ii) conflicting claims bar deadlines reflected in the Court's bar date order and the docket for Case No. 16-30297; (iii) debtors' scheduling the movants' debt as undisputed, (iv) debtors and DIP lenders expressed acknowledgement of movant's claims in the DIP financing motion and the exclusion of movant's collateral from any relief granted to lenders in the DIP financing motion, and (v) the local rules of the Northern District of California generally setting bar dates in chapter 11 cases 90 days from the first meeting of creditors.  Even absent the confusion associated with whether a claim was required to be filed given the undisputed status of movants' claims, the Ninth Circuit has expressly found excusable neglect where an attorney misread the applicable deadline because of a "calendaring" mistake.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). Here, movant's reliance on the original bar date that is still reflected in the docket for Case No. 16-30297 was an innocent calendaring mistake caused by the existence of conflicting bar dates.

**Fifth**, movant acted in good faith, as immediately upon discovery of the order shortening bar date: (i) movant's counsel filed a notice of appearance (ECF No. 148); (ii) movant's counsel contacted counsel for the debtors' and the Committee in an effort to consensually resolve any notice issues related to movant's claims; (iii) filed movant's claims with the Court's claim register and with the debtors' servicing agent in an amount less than that originally scheduled by the debtors; and (iv) acted diligently in seeking the relief sought in the instant motion.

Reviewing these five factors, it is respectfully submitted that movant's claims should be deemed timely filed. There is no danger of prejudice to the debtors, the DIP lenders, or any interested party arising from the relief requested, as the debtors, the DIP lender, and all interested parties were well aware of movant's claims prior to the May 23, 2016 bar date set by the Court as evidenced by the debtors' schedules, DIP financing motion, and disclosure statement. The delay in the filing of movant's claims should have no impact upon these proceedings, and such delay was caused by reliance upon the original claims bar deadline and the Court's docket for Case No. 16-30297 which still reflects the original claims bar deadline rather than the shortened claims bar deadline.

Accordingly, for all of the foregoing reasons, the Court should enter an order granting the instant motion and deem movant's claims timely filed.

Dated: June 2, 2016

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Justin D. Balser*

Justin D. Balser
Katalina Baumann
Attorneys for Creditor
TCA Global Credit MasterFund, LP

**AKERMAN LLP**

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342