Signed and Filed: June 8, 2017



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re                              ) Bankruptcy Case
                                   ) No. 16-30296 DM
BLUE EARTH, INC.,                  )
                                   ) Chapter 11
                                   )
            Debtor.                )
_____)

**MEMORANDUM DECISION REGARDING MOTION OF DONALD R. KENDALL FOR PARTIAL RECONSIDERATION OF ORDER ALLOWING CLAIM NO. 64 IN PART**

On April 19, 2017, this court entered an order ("Order") allowing in part and disallowing in part Claim No. 64 (the "Claim") filed by Donald R. Kendall, Jr. ("Kendall"). The Order followed a hearing on April 7, 2017, on Kendall's motion for summary judgment and on the cross-motion for summary judgment filed by reorganized debtor Blue Earth, Inc. ("Debtor"). For the reasons set forth on the record, the court denied Kendall's motion for summary judgment, granted Debtor's cross-motion, and reduced the Claim from $818,799.62 to $228,076.62.

On May 3, 2017, Kendall filed a motion for partial reconsideration of the Order, contending that he is entitled to "one year's worth of health benefits" in the amount of $42,000 in addition to the other components of the Claim that had been

allowed.  Debtor filed its opposition on May 11 and a revised opposition on May 12, 2017, arguing that (1) Kendall should be precluded from asserting a ground for reconsideration that could have been asserted in support of his motion for summary judgment on the Claim and is inconsistent with a theory advanced in his opposition to Debtor's cross-motion; and (2) the health insurance reimbursement did not constitute a "welfare benefit" under the governing employment agreement.  Having reviewed the pleadings and relevant documents, the court has determined that the Order should be modified to allow Kendall to recover an additional $42,000 on the Claim.

In his initial response to the claim objection, Kendall contended that Debtor was required to pay him certain business expenses reflected on Schedule B to his employment agreement, including the reimbursement of his health insurance premiums:

> The Budgeted Expenses also include Mr. Kendall's health insurance premium. Mr. Kendall is a cancer survivor. In January 2014, Mr. Kendall was undergoing cancer treatment. To avoid the risk of any interruption in his treatment, Mr. Kendall and Blue Earth agreed that Mr. Kendall would not join Blue Earth's group insurance policy and that Blue Earth would instead pay Mr. Kendall's health insurance premium.

*See* Kendall's Initial Response to Objection to Claim No. 64 at Dkt. No. 352 at 7:12-16; Kendall's Declaration at Dkt. No. 354 at ¶ 17.

Kendall and Debtor thereafter filed motions for summary judgment as to the allowability the Claim.  As Debtor acknowledged in its cross motion for summary judgment [Dkt. No. 422], section 4 of the employment agreement "contains a section entitled '(c) Benefits' which is a completely separate section from Section 4

'(d) Business Expenses.' Benefits falling within section 4(c) continued after termination without cause, while business expenses falling within section 4(d) did not.

The court agreed with Debtor that it had no obligation to reimburse section 4(c) Business Expenses incurred after Kendall's termination and therefore disallowed the portion of the Claim for post-termination expenses identified on Schedule B of his employment agreement. Among the disallowed Schedule B expenses was the obligation to reimburse Kendall for his health insurance premiums. Kendall seeks reconsideration of only that portion of the order disallowing that particular expense, contending that he is entitled under section 4(c) to reimbursement of the health insurance premiums that he paid for twelve months following his termination date (which was one week prior to the petition date).

Kendall's request is well-taken. Section 7 of the Employment Agreement provides that if the company (i.e., Debtor) terminates Kendall's employment without cause, it shall pay "all benefits set forth in Section 4, inclusive of, but not limited to Pension Benefits, Welfare Benefits and Other Benefits." *See* Employment Agreement at § 7(a)(i) (Dkt. No. 352-1 at pg. 8 of 15). The obligation to reimburse Kendall for his health insurance premiums constitutes a Welfare Benefit falling within the ambit of section 4(c) of the Employment Agreement (Dkt. No. 352-3 at pg. 4 of 15).

Section 4(c) of the Employment Agreement defines "Welfare Benefits" to which executives were entitled. More specifically, the last sentence of section 4(c) includes the reimbursement of costs associated with "certain employee benefit plans, including health insurance, that will continue to cover [Kendall] for a

period of time following the Effective Date, which shall be mutually agreed to by the parties and set forth on Schedule B." Schedule B includes a section of Welfare Benefits which are "TBD." (Dkt. 352-3 at pg. 15 of 15).

The parties agreed to a list of expenses in a separate document also identified as Schedule B; this document includes a monthly cost of $3,500 for health insurance as Kendall had to stay on his prior plan (instead of using Debtor's group insurance) because of his preexisting cancer condition. (Dkt. 352-4 at pg. 3 of 3). This benefit falls squarely within the last sentence of section 4(c), and thus is Welfare Benefit. *See also* Kendall Declaration at ¶ 8 (Dkt. No. 417). Given that the health insurance reimbursement cost is incorporated as a Welfare Benefit by the last sentence of section 4(c), Kendall is entitled under section 502(b)(7) to a unsecured claim in the amount of $42,000 ($3,500 x 12) for one year of those benefits.

Debtor presents two arguments in opposition to the motion to reconsider: (1) that Kendall is precluded from making this argument because it was not raised in his initial response to the objection, and (2) that the health insurance was not a welfare benefit "generally available to other senior executive management of the Company" for the purposes of section 4(c). The court rejects the latter position because it does not take into account the last sentence of section 4(c) as discussed above. All senior management were entitled to health care coverage, and the specific terms of Kendall's benefit was laid out in Schedule B.

The court similarly rejects the contention that Kendall is precluded from seeking modification of the Order because he did

-4-

not articulate the precise argument that he is making now. Kendall did assert initially that his claim for post-termination reimbursement of health insurance costs were allowable. While Kendall may be emphasizing somewhat different, yet cognizable, grounds for such allowance, Debtor cannot claim surprise or prejudice by Kendall's request, and modifying the Order to make it consistent with the language of the underlying and governing agreement between the parties adheres to the broad grounds for reconsideration of claims set forth in Bankruptcy Code section 502(j) and Bankruptcy Rule 3008.

Section 502(j) provides that a "claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." In turn, Bankruptcy Rule 3008 provides that a "party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." Because Kendall filed his motion for reconsideration within the 14-day appeal period, the lenient standards of Federal Rule of Civil Procedure 59 (as incorporated by Federal Rule of Bankruptcy Procedure 9023) apply. *In re Wylie*, 349 B.R. 204, 209 (9th Cir. BAP 2006). The Ninth Circuit permits relief under Rule 59 "to prevent manifest injustice." *Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The court believes that manifest justice would result from the denial of health insurance reimbursement costs clearly contemplated as Welfare Benefits under the governing Employment Agreement.

For the foregoing reason, the court will grant Kendall's motion for partial reconsideration. Counsel for Kendall should upload an

order granting the motion "for the reasons stated" in this memorandum decision and comply with B.L.R. 9021-1(c) in doing so.

**\*\*END OF MEMORANDUM DECISION\*\***