**Signed and Filed: June 19, 2017**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re                                  ) Bankruptcy Case
                                       ) No. 16-30296 DM
BLUE EARTH, INC.,                      )
                                       ) Chapter 11
                                       )
            Debtor.                    )
_____)

**MEMORANDUM DECISION REGARDING TERESA JEAN MOORE'S REQUEST FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM NO. 105**

I.  <u>Procedural Background</u>

On April 20, 2017, this court issued a memorandum decision [Dkt. No. 437] explaining why it would sustain the objection of Blue Earth, Inc. ("Debtor") to Claim No. 105 filed by Robert C. Florek ("Florek") and assigned to Teresa J. Moore ("Moore"). On April 28, 2007, the court entered an order [Dkt. No. 447] disallowing the claim ("Order") for the reasons set forth in the memorandum decision.

On May 2, 2017, Moore filed an "Objection to the Order of the Court of the April 21, 2017 and Reply to the Opposition of the Debtor of the April 18, 2017 [sic]." [Dkt. No. 449]. By an order dated May 4, 2017, the court indicated that it would treat the objection and reply as a motion for reconsideration of the Order

and directed Debtor to file a response within 14 days.  Debtor filed its response opposing reconsideration on May 11, 2017, at which time the matter stood submitted.

II. <u>Standards for Reconsideration of Claims</u>

Bankruptcy Code section 502(j) provides that a claim that has been allowed or disallowed may be reconsidered for cause, and on reconsideration a claim may be allowed or disallowed according to the equities of the case.  11 U.S.C. § 502(j).[1]  In turn, Bankruptcy Rule 3008 provides that a "party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."  Fed. R. Bankr. P. 3008.  Because Moore objected to the form of the Order within 14 days of its entry, the court will apply the standards for reconsideration set forth in Bankruptcy Rule 9023, incorporating Federal Rule of Civil Procedure 59.  *In re Wylie*, 349 B.R. 204, 209 (9th Cir. BAP 2006).

The Ninth Circuit has described the circumstances justifying relief under Rule 59: (1) where the motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) where the motion is necessary to present newly discovered or previously unavailable evidence; (3) where the motion is necessary to prevent manifest injustice; and (4) where the amendment is justified by an intervening change in controlling law.  *Allstate Insurance Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  As discussed below, Moore has not demonstrated the existence of any

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

Case: 16-30296   Doc# 480   Filed: 06/19/17   Entered: 06/20/17 11:19:53   Page 2 of 5

of these circumstances.

III. Discussion

Moore asserts several grounds for reconsideration. Among those, she contends that Debtor improperly objected to the claim by including it in an omnibus objection to multiple claims. The court rejects this argument for three reasons. First, Rule 3007(d)(7) specifically allows objectors to use the omnibus procedures when they contend that the alleged obligation constitutes an interest and not a claim. That was the precise basis of Debtor's objection. Second, both Florek and Moore were given ample opportunity to address and brief the substantive issues, as reflected by the multiple filings by them. Thus any concern about the lack of notice that may result from an omnibus objection is unwarranted here. Third, neither Florek nor Moore raised this objection until after full briefing and entry of the Order.

Moore also contends that the court should not have issued its ruling without permitting her further opportunity to conduct discovery and address disputed facts. As the court rendered its decision as a matter of law and any disputed facts are immaterial to the court's determination, further discovery is unwarranted. In any event, Debtor objected to Claim No. 105 in October 2016, and the court deferred ruling on the objection on several occasions so that Florek or Moore could respond further. No further delays are justified.

Moore further asserts that the court erred in stating that Claim No. 105 was based on the purchase of stock in another entity; rather, the claim is based on the purchase of a unit in a

-3-

Case: 16-30296    Doc# 480    Filed: 06/19/17    Entered: 06/20/17 11:19:53    Page 3 of 5

limited partnership.  While the court erred in labeling the transaction as a purchase of "stock" instead of a "unit," that error is harmless and immaterial.  Moore concedes that Florek purchased and possessed "an ownership interest, which the contract in this case denotes as a 'unit.'"  *Objection to the Order of the Court*, Dkt. No. 449 at 4:18-21.  Moore therefore asserts that Florek's "ownership unit of the MPS limited liabilty company represents an undivided claim in all assets of the business and the right to a portion of the profits."  Whether Moore would have been entitled to an undivided claim in all assets of MPS is immaterial.  MPS is not the Debtor.  And even if MPS were the Debtor, Florek's ownership interest is still an equity interest and not a debt.  As such, the claim would be subject to subordination under section 510(b).  *In re Tristar Esperanza Props., LLC,* 488 B.R. 394 (9th Cir. BAP 2013) (a claim arising from an equity interest in a limited partnership is subordinated to general unsecured creditors); *cf. In re Betacom of Phoenix, Inc.* 240 F.3d 823 (9th Cir. 2007); In *re Del Biaggio*, 834 F.3d 1003, 1009 (9th Cir. 2016).

    For the foregoing reasons, the court will overrule the objection filed by Moore on May 2, 2017, and will deny any request contained therein for reconsideration of the Order.  The court is concurrently entering an order denying the relief sought by Moore.

    *** END OF MEMORANDUM DECISION ***

Case: 16-30296    Doc# 480    Filed: 06/19/17    Entered: 06/20/17 11:19:53    Page 4 of 5

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | Teresa J. Moore |
|   | Post Office Box 748 |
| 3 | Mountain View, CA 94042 |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

-5-